## BETTS, GARNISHEE v. BROWN, USE, &c.

1. Joinder in issue, between plaintiff in execution and garnishee, is a waiver of previous irregularity.

ERROR to the Circuit Court of Barbour.

This was a proceeding in garnishment, in the circuit court of Barbour county, by the defendant in error, against the plaintiff in error. The affidavit of the attorney of the defendant in error states, substantially, that the Intendant and Town Council of Irwinton, against whom the said Samuel N. Brown, for the use of said Samuel Harrison, had recovered a judgment, had no property within the knowledge of said affiant, in his possession, and that affiant had just reason to believe that said Betts, and other persons, whose names are mentioned, were indebted to the defendants. Thereupon a summons of garnishment issued against the several persons, alleged to be so indebted—which was returned executed upon all the persons named therein, except one Stowe. Afterwards, at September term, 1841, a judgment was entered by default, against said Betts, without any condition, but subsequently, a *sciri facias* issued against him, calling on him to be and appear at the circuit court, to be holden for said county of Barbour, on the third Monday of March ensuing, to show cause why said judgment should not be rendered absolute against him. The *sci. fa.* was made known to him, and on the 23d of March, 1842 said Betts appeared and filed his answer, setting forth a list of notes, &c. in his hands, belonging to said corporation, amounting to something more than two hundred dollars. The truth of this answer was contested in due form—issue taken thereon, between the plaintiffs in execution, and said garnishee, and submitted to a jury, who found the issue for the plaintiff; and found the sum of $781 20-100 due the said plaintiff from the defendant in execution, upon the judgment in said garnishment mentioned, and further found the indebtedness of said garnishee, liable to said garnishment to equal the said sum of $781 20-100 and judgment was, thereupon, rendered by the court in favor of the plaintiff in exe-

cution, against said garnishee for that amount, and the costs of the garnishment.

After the verdict in said cause, the garnishee's counsel moved to discharge him, on the ground that the plaintiff had shewn no judgment in his favor against the town council of Irwinton—whereupon the plaintiff produced from the records of said court a judgment for the same amount mentioned in the summons of garnishment in favor of the plaintiff against "The Intendant and council of the town of Irwinton—alias the Intendant and council of the town of Larkinsville—alias the town of Irwinton." To which the defendant excepted, &c. without shewing on what precise ground.

The plaintiff in error now assigns the following errors:

1. The court erred in rendering judgment final against the garnishee (Betts) at the first term, to which the garnishment was returnable.

2. In holding Betts to answer a *scire facias* issued on a final judgment.

3. In holding Betts to answer a *sci. fa.* issued without an order of court.

4. In overruling Betts' demurrer.

5. In rendering judgment on the verdict of the jury.

6. In rendering two judgments final in the same cause.

7. In the matter of the bill of exceptions.

J. COCHRAN, for plaintiff in error.

J. BUFORD, *contra.*

CLAY, J.—It has been ruled by this court, on more than one occasion, that a joinder in issue, between the parties, upon the truth of the answer of garnishee, is a waiver of any previous irregularity. [Hazard, adm'r v. Franklin, garnishee, 2 Ala. Rep. N. S. 349.] Therefore, as the court remarked in the case just cited, we decline any examination of the proceedings, anterior to the issue—unless it be to remark, in reference to the fourth assignment of errors, that the demurrer to the statement, contesting the truth of the garnishee's answer, was placed expressly on the ground that "it was no affidavit;" that the record shews that "oath having been made, that the answer of the said garnishee, Betts, filed at this term of the court is incorrect, it is ordered, that the

parties, (plaintiff and said garnishee,) take issue upon said answer, and thereupon, said plaintiff comes and files his statement, controverting said answer," &c. The plain inference from this entry is, either that the contesting statement was sworn to when made, or, more probably, that the court gave leave to amend it by making oath to its truth. If the court did give leave, so to amend the contesting statement, it was a matter within its own sound discretion, and not assignable for error. This view of the case disposed of the first four assignments of error, as they were all anterior to joining of issue between the parties.

The 5th assignment—that the court erred in rendering judgment on the verdict of the jury, is not sustainable, because the verdict was fully responsive to the issue, joined between the parties. It not only appears by the record, that the jury found the issue for the plaintiff, generally, but also that they found the sum of $781 20-100 due the said plaintiff from the defendant in execution, upon the judgment in the said garnishment mentioned; and they further found the indebtedness of said garnishee, liable to said garnishment, to equal the sum of $781 20-100; whereupon the court rendered judgment for the plaintiff.

The 6th assignment is, that the court rendered two judgments final in the same cause. This refers to the final judgment rendered at the return term of the garnishment, which was an irregularity preceding the issue, and thereby waived.

The 7th assignment is, that the court erred in the matter of the bill of exceptions.

The bill of exceptions shows that after the verdict was rendered, the garnishee's counsel moved the court to discharge him, as the plaintiff had shown no judgment in his favor, against the town council of Irwinton, and the plaintiff produced from the records of the said circuit court, as proof to sustain a judgment on the verdict in the present issue, a judgment in the name of "Samuel N. Brown, for the use of Samuel Harrison v. The Intendant and Council of the town of Irwinton, alias the Intendant and Council of the town of Larkinsville, alias the town of Irwinton," to which the defendant excepted.

We are of opinion this objection came too late, after the trial of the issue, and finding of the jury. If the exception could have been taken at all, it should have been done at a previous stage of the proceedings. But, if it had been so taken, it would not have

been a sufficient objection to the admission of the judgment as evidence. It would not have been regarded a material variance, that the corporate authorities of Irwinton, were sometimes known as the Intendent and Council of Larkinsville, alias Irwinton. We do not think there was error in the admission of the judgment described in the bill of exceptions—therefore,

Let the judgment of the court below be affirmed.